996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John S. GAUL, Plaintiff-Appellant,
v.
Donald A. ORSENO, et al., Defendants-Appellees.
 No. 91-2952.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided June 18, 1993.
Rehearing and Rehearing In Banc
Denied July 16, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 John Gaul was discharged as an engineer for the METRA commuter trains in the Chicago area when he reported to work under the influence of alcohol, cocaine, and marijuana. On appeal, the National Railroad Adjustment Board affirmed the dismissal. Gual filed suit against Jim McCoy, his union representative; Donald Orseno, the Trainmaster who smelled the alcohol on Gaul's breath; METRA; and the Brotherhood of Locomotive Engineers. The district court dismissed the case, finding that Gaul's complaint failed to meet the minimal requirements of Fed.R.Civ.P. 8(a) and that, in any event, Gaul had failed to respond to the valid arguments set forth in the defendants motion to dismiss. Gaul's arguments consist primarily of accusations that McCoy, Orseno, and others did not do enough to protect his procedural rights during his discharge hearing. The main issue seems to be whether the defendants properly preserved the urine samples collected to prove that he had recently used cocaine and marijuana.[1] According to Gaul, that action violated both his constitutional rights, 42 U.S.C. § 1983, and the racketeering laws, 18 U.S.C. §§ 1961, 1962.
 
 
 2
 As to Orseno and METRA, the § 1983 claim is time barred. Any claim against Orseno and METRA accrued on June 10, 1988, the date Gaul was terminated. Delaware State College v. Ricks, 449 U.S. 250 (1980). The complaint was filed on June 20, 1990, well beyond the two-year limitations period applied to § 1983 actions arising in Illinois. Wilson v. Giesen, 956 F.2d 738 (7th Cir.1992). Since Gaul has failed to give any reason for tolling the limitations period, the claims against both defendants were properly dismissed.
 
 
 3
 The remaining defendants, McCoy and the union, cannot be held liable under § 1983 because there is no allegation that they acted "under color of state law", which is a prerequisite to such claims. Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 4
 The racketeering charge fails because Gaul has not alleged that the defendants committed two predicate acts constituting a pattern of racketeering activity. Proof of such a pattern is necessary for liability, Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985), meaning that the failure to even allege a pattern is fatal to the complaint.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Gaul was also examined for alcohol use by means of a breathalyzer test, but he does not claim that the results of that test were kept from him